**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:

GHAZALI A. CHAUDRY,                    Chapter 7

                                                       Case No. 16-13206 (CMG)

        Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

**OPINION**

**APPEARANCES:**

**MARK R. SILBER, Esq.**
Attorney for Debtor

**JOHNSON & ASSOCIATES, PC**
**Adrian J. Johnson, Esq.**
Attorneys for Asma J. Warsi-Chaudry, Creditor

**CHRISTINE M. GRAVELLE, U.S.B.J.**

**Introduction**

In this case the Court is tasked with determining if the marital tort claim of Asma Warsi-Chaudry ("Wife"), which she alleges in her divorce proceeding against debtor, Ghazali Chaudry ("Husband"), is more properly characterized as a debt for willful and malicious injury under 11 U.S.C. § 523(a)(6), or a debt incurred in the course of a divorce or separation under 11 U.S.C. § 523(a)(15). A marital tort claim is referred to in New Jersey as a Tevis claim, following a state supreme court opinion of the same name. *See* Tevis v. Tevis, 79 N.J. 422 (1979). This Court will refer to Wife's marital tort using that term of art.

The Court finds that based upon the facts presented in this case, Wife's Tevis claim is a debt arising under 11 U.S.C. § 523(a)(6). Because the time to object to the dischargeability of the Tevis claim has expired, Husband's liability on the claim, if any, has been discharged.

## Facts

Husband and Wife were married in 2001. Wife filed for divorce, ultimately filing an amended complaint for divorce on June 3, 2014. The amended complaint included a Tevis claim, alleging that Husband committed assault upon Wife during the course of the marriage, causing damages. The Superior Court of the State of New Jersey, Chancery Division, Family Part (the "Family Court"), which presides over the divorce case issued a *sua sponte* order on July 25, 2014 severing the Tevis portion of the complaint and forwarding that claim to the Law Division for a determination. On January 5, 2015, the Law Division dismissed the severance of the Tevis claim and transferred it back to the Family Court.

In February 2016, Husband filed the present bankruptcy listing Wife as a creditor. The Court sent Official Form 309A- Notice of Chapter 7 Bankruptcy Case to all listed creditors, including Wife. The Notice specified that the deadline to object to the discharge of a debt under 11 U.S.C. § 523(a)(2), (4), or (6) was May 20, 2016. On May 20, 2016 Husband and the Chapter 7 Trustee filed a stipulation which extended the deadline for the Trustee to object to discharge. Husband and the Trustee further extended the deadline by consent for an additional month. Wife received no such extension. Neither the Trustee, nor the Wife, nor any other creditor filed an adversary complaint challenging the dischargeability of any debts, and Husband received his discharge on September 20, 2016.

On February 23, 2017 Wife filed a motion styled as an "Ex-Parte Motion for a Determination" that Wife's Tevis claim survived Husband's discharge. Husband's attorney filed

opposition on procedural grounds, including the fact that Husband was deployed, and the matter was adjourned by the Court. The parties appeared on April 11, 2017, at which point the Court requested more briefing. Additional oral argument was held on May 16, 2017.[1]

## Law

Section 523(a)(6) of the Code excepts from discharge "any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." *See* 11 U.S.C. § 523(a)(6). Liabilities arising from assault or assault and battery are generally considered as founded upon a willful and malicious injury, and are therefore within the exception. *See* In re Granoff, 250 Fed. Appx. 494, 495-96 (3d Cir. 2007) (citing 4 Collier on Bankruptcy ¶523.12[4] (15th ed. Rev. 2007)).

A debtor may be discharged from a § (a)(6) debt unless the creditor requests, upon notice and a hearing, a determination from the court that the debt may be excepted from discharge. 11 U.S.C. § 523(c)(1). Objections to the dischargeability of a debt are properly brought by way of an adversary proceeding. F.R.B.P. 4007(a); F.R.B.P. 7001(4). In a Chapter 7 case, a complaint to determine the dischargeability of a § 523(a)(6) debt must be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). F.R.B.P. 4007(c). The court may extend the time to file a complaint only if the motion for the extension is filed before the time has expired. Id.

Section 523(a)(15) excepts from discharge debts, "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record." Debts under § 523(a)(15) are not subject to any temporal

---

[1] On May 17, 2017, shortly after the additional oral argument, counsel for Husband submitted an additional filing directing the Court to the May 15, 2017 Supreme Court opinion in Midland Funding, LLC v. Johnson, 581 U.S. __, 137 S.Ct. 1407 (2017). Wife's attorney filed a reply later in the day on the 17th. The Court reviewed the documents, but did not find the arguments presented to be relevant to this matter.

requirement for the filing of an adversary complaint objecting to their discharge. *See* F.R.B.P. 4007(c). If the debt is characterized as one arising under § 523(a)(15), then the claim is not dischargeable regardless of whether an adversary proceeding is filed within a certain timeframe.

Here, an initial analysis of the facts shows that Wife's Tevis claim in her amended divorce complaint specifically references reckless, wanton, and malicious assault by Husband against her. It would thus appear that the compensatory and punitive damages sought in that count would fall under the purview of § 523(a)(6). As no adversary complaint was filed in a timely manner, the debt would then be deemed to be discharged.

But, the New Jersey Supreme Court has instructed that marital tort claims be presented in connection with the divorce action in order to resolve all of the parties' legal disputes in one proceeding. *See* Tevis v. Tevis, 79 N.J. 422, 434 (1979). The Tevis court found that the potential for money damages arising from a marital tort are relevant in a matrimonial proceeding, and therefore must be joined under the "single controversy doctrine." Tevis v. Tevis, 79 N.J. at Id. "When issues of child welfare, child support and child parenting are intertwined with dissolution of the marriage and the necessary resolution of the marital tort, the Family Part may conclude that the marital tort should be resolved in conjunction with the divorce action as part of the overall dispute between the parties." Brennan v. Orban, 145 N.J. 282, 301-302 (1995). Any damages predicated upon the tort liability of one spouse to another must be considered in the court's decision respecting equitable distribution, alimony, and the ability to pay alimony, to prevent a double recovery on the claim. *See* Giovine v. Giovine, 284 N.J. Super. 3, 29 (App. Div. 1995).

As Wife's Tevis claim is a part of a divorce proceeding by virtue of her allegations in the amended divorce complaint, Wife argues that it is non-dischargeable under § 523(a)(15).

The only bankruptcy court in this district to address the dischargeability of a Tevis claim presumed that such a claim would be discharged absent the timely filing of an adversary proceeding under § 523(a)(6).  *See* In re Galtieri, 2007 WL 2416425 at *1 (Bankr. D.N.J. Aug. 17, 2007).  In that case the court opined that such an adversary would be filed "presumably pursuant to 11 U.S.C. § 523(a)(6) alleging willful and malicious injury."  Id. (emphasis added).  The Galtieri court did not definitively conclude that a Tevis claim must be brought under § 523(a)(6), nor did it conduct any analysis as to the application of § 523(a)(15) to a damage award on a Tevis claim included in a judgment for divorce.

As such, additional inquiry is necessary to determine if a Tevis claim is a debt incurred by Husband in connection with the divorce proceeding.  The Bankruptcy Code does not define when a debt is incurred.  However, "debt" is defined as "liability on a claim."  11 U.S.C. § 101(12).  A "claim" is defined as "a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."  11 U.S.C. § 101(5)(A).  Congress intended to adopt the broadest possible definition of the term "claim."  *See* In re Grossman's Inc., 607 F.3d 114, 121 (3d Cir. 2010) (citations omitted).  In determining whether a creditor holds a pre-petition claim, "our focus should not be on when the claim accrues . . . but whether a claim exists."  Id.

In New Jersey, interspousal tort immunity no longer exists to bar the suit of one spouse against another for injuries sustained by one spouse due to the tortious conduct of the other.  Merenoff v. Merenoff, 76 N.J. 535, 557 (1978).  Wife was not barred from filing marital tort claims against Husband during their marriage.  *See* Tevis v. Tevis, 79 N.J. at 429 (continuing marriage of parties per se does not prevent filing lawsuit for personal injuries based on tort).  She need not have waited for the filing of a divorce complaint to make her allegations.  Her

Tevis claim was not dependent upon the filing of the divorce. Those claims existed independent of the divorce action and may be time-barred if not filed within the time period set by the applicable statute of limitations. *See* Giovine v. Giovine, 284 N.J.Super. at 10 (considering whether battered woman's syndrome can excuse strict application of two-year statute of limitations for tort). The Tevis court simply made clear that, if a spouse has not already done so, he or she must include the claim in the divorce complaint in compliance with the entire controversy doctrine. *See* Tevis v. Tevis, 79 N.J at 430.

The existence of a Tevis claim must be distinguished from the existence of other types of claims normally associated with a divorce proceeding like claims for equitable distribution, alimony, and child support. The latter claims do not exist until a divorce complaint is filed. In New Jersey, "a non-debtor spouse has an allowable pre-petition claim against the debtor's bankruptcy estate for equitable distribution of marital property when the parties are in divorce proceedings before the bankruptcy petition is filed." In re Ruitenberg, 745 F.3d 647, 653 (3d Cir. 2014). This is because the filing of a divorce complaint is an event that defines the scope and extent of distributable marital assets. *See* Vander Weert v. Vander Weert, 304 N.J. Super. 339, 348 (App. Ct. 1997). "Once the divorce complaint is filed, the marital estate is, not technically but in a practical sense, *in custodial egis* . . . [and] significant equities in the then-distributable marital estate are thereby created . . ." Id. at 349. Unlike a Tevis claim, which exists at the time the assault occurs, an equitable distribution or support claim cannot exist absent a divorce proceeding. Debts for equitable distribution and support cannot be incurred other than in connection with a divorce or separation agreement. Consequently, they fall squarely within the exception to discharge outlined in § 523(a)(15) of the Code. The Tevis claim exists whether or not a divorce or separation proceeding is filed.

Wife submits that the Tevis claim is so intertwined with the other issues in the divorce proceeding so as to be incurred in connection with that proceeding. She notes that the Law Division agreed with her and, as a result, dismissed the severance of the Tevis claim and transferred it back to the Family Part for determination. This Court takes no position on whether the Tevis claim should be heard in the Law Division or in the Family Part and notes that it is a distinction without a difference. This Court's determination that a Tevis claim must be established as non-dischargeable under § 523(a)(6) of the Code does not prevent consideration by the Family Part of the consequences that may have occurred from the facts alleged to support the Tevis claim. Damages suffered by Wife, if any, do not cease to exist as a result of this Court's decision.[2]

Pursuant to statute, the Family Part may consider factors that may have resulted from the alleged tort claims, such as "[t]he age and physical and emotional health of the parties," and "[t]he income and earning capacity of each party," in making an award for equitable distribution. *See* N.J.S.A. 2A:34-23.1. However, in such analysis the alleged wrongful acts of husband need not be proven or considered, nor would the award be based upon said actions. Instead, the Family Court would conduct a wholly independent analysis based upon those factors specifically enumerated in the equitable distribution statute. So, the Family Part may still consider the impact, if any, of the Tevis claim on its determinations of equitable distribution, alimony, support, child custody, and any other issues that may be affected by the Tevis-related allegations. For example, if Wife's ability to earn was impacted by injuries suffered in the assault, she may be entitled to more alimony or Husband may be ordered to contribute a higher percentage to a

---

[2] Although not presented here, this Court queries whether facts alleged in a Tevis claim may influence a family court's decision regarding custody and visitation. The Court presumes that the discharge granted in this decision extends to monetary damages and does not prevent the family court from assessing the truthfulness of the allegations if necessary to effectively administer the divorce proceeding.

child support allowance. In such a case, it would not matter who caused a spouse's injuries, just that the injuries may need be considered when determining maintenance and support.

The Court recognizes that judgments of divorce may include damages awarded on a Tevis claim. If the movant had come to this Court with such a divorce judgment, the analysis and outcome may have been different. If the Tevis award was so intertwined with awards of alimony, support and equitable distribution in the divorce complaint, non-dischargeability under § 523(a)(15) may be warranted. The Court envisions a situation where Tevis damages could have affected the related alimony and equitable distribution awards. That is not the case presented here. In the present matter, the State Court will be able to make alimony, support, custody and equitable distribution determinations with the knowledge that the Tevis claim cannot be pursued. This will prevent any double recovery. The issues will not become intertwined because the State Court may proceed as though the Tevis claim was never pled.

## Conclusion

In this matter any relationship between Wife's Tevis claim and the remainder of the divorce has no effect on the fact that her claims existed prior to the divorce, and therefore could not have been incurred in connection with the divorce. Therefore the claim is not the type contemplated by § 523(a)(15), but is rather more properly characterized as a debt under § 523(a)(6). Because an adversary proceeding was not timely filed pursuant to F.R.B.P. 4007(c) the debt is dischargeable, and the motion is DENIED.

Dated: July 10, 2017                    /s/Christine M. Gravelle
                                        United States Bankruptcy Judge